## OLIVER SPRADLING V. THE STATE.

### *No. 3991.  Decided December 22.*

1. **Theft of Sheep—Charge of Court.**—Where, on a trial for theft of sheep, the defendant was convicted on the second count in the indictment, charging him with receiving and concealing said property knowing it to have been stolen, and the court instructed the jury as is prescribed by article 735 of the Penal Code, which provides the punishment generally for the theft of property of the value of $20 or over as follows, "theft of property of $20 or over shall be punished by confinement in the penitentiary not less than two nor more than ten years;" whereas by article 748 of the Penal Code it is provided, that "if any person shall steal any sheep of the value of $20 or over he shall be punished by confinement in the penitentiary not less than two nor more than five years;" and whereas the punishment for receiving stolen property is the same as that for theft of such property (Penal Code, art. 743): *Held*, that said charge was radically and fundamentally erroneous; and though defendant's punishment was affixed at only two years by the verdict and judgment, it being the least punishment that could have been inflicted under either of the articles (*supra*, 735 and 748 of the Penal Code), *held* further, that this could in nowise affect or relieve the error.

2. **Same—Case Overruled.**—The case of Work v. The State, 3 Texas Court of Appeals, 233, in so far as it declares a rule different from the one above announced, is overruled.

APPEAL from the District Court of Hopkins.  Tried below before Hon. E. W. Terhune.

This appeal is from a conviction for fraudulently receiving and concealing twenty-six head of sheep, knowing them to have been stolen; the punishment being assessed at two years in the penitentiary.  It is not necessary to state the facts.

*B. F. Crosby* and *W. P. Leach*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted on an indictment charging him with the theft of twenty-six head of sheep, in the first count; and in the second, for receiving and concealing same, knowing same to have been stolen. On the trial he was convicted under the second count.

On the trial of the case the learned trial judge charged the jury with regard to the penalty as follows: "The punishment for the theft of property of the value of $20 or over is by confinement in the penitentiary for any term not less than two years nor more than ten years," etc. "The punishment for receiving and concealing stolen property, knowing it to have been stolen, is the same as it is for theft." The charge of the court as to the penalty above set out was specially excepted to, and a bill of exceptions reserved by defendant's counsel. The penalty, as charged by the court, was that prescribed by article 735, Penal Code, for theft generally of property amounting in value to $20 or more. In this case, however, the appellant was indicted for the theft of sheep.

To this offense a special penalty is by statute affixed. Article 748 of the Penal Code provides, that if any person shall steal any sheep, hog, or goat, if the value of the property stolen be of the value of $20 or over, he shall be punished by confinement in the penitentiary not less than two nor more than five years; and the offense for which appellant was indicted, tried, and convicted being the receiving of stolen property, the penalty, by express provision of the statute, is made the same as though he had stolen the specific animal. Article 743, Penal Code.

The rule is well settled, that where the charge of the court misleads the jury as to the penalty, or prescribes a penalty different from that fixed by the terms of the law itself, such charge is radically and fundamentally erroneous, whether excepted to or not, and even though it inures to the benefit of the accused. Graham v. The State, 29 Texas Ct. App., 31; Williams v. The State, 25 Texas Ct. App., 76. For collation of other authorities, see Willson's Crim. Stats., sec. 2348.

We know of no exception to this rule, save the case of Work v. The State, 3 Texas Court of Appeals, 233, which seems to announce a different doctrine, and that case is hereby overruled on this point. This is the only error which we consider material and necessary to be noticed, and on account of this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.